## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00438-CMA-MEH

CELLECT, LLC, a Colorado Limited Liability Company,

          Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and
SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,

          Defendants.

_____

### PLAINTIFF CELLECT LLC'S SUR-REPLY IN SUPPORT OF ITS
### OPPOSITION TO DEFENDANTS' MOTION TO STAY
_____

## I.   INTRODUCTION

Samsung's Reply confirms that its Motion to Stay ("Motion") should be denied. Rather than answering Cellect's central argument – that a stay will not simplify this case and will prejudice Cellect – Samsung implicitly concedes that its twenty petitions for *Inter Partes* Review (IPR) are premature, and use recycle arguments that will likely be rejected by the PTO. (Dkt. 61). While it is true that three of Samsung's requests for *Ex Parte* Reexamination (EPR) were recently instituted, they cannot support a stay in this action, because all of Samsung's EPRs are premised on a legally flawed and limited theory of obviousness-type double patenting under which Samsung challenges only five of eleven Asserted Patents. As a result, the other Asserted Patents will not be affected by Samsung's challenges, and the scope of the issues in this action will not be streamlined.

Additionally, Samsung's Reply ignores this Court's Scheduling Conference, in which the Court instructed Cellect to reduce the number of asserted claims, with the condition that Cellect can assert alternate claims if there is a rational basis to do so. As a result, Cellect may assert alternate claims not involved in any PTO proceedings.

Moreover, Samsung's contention that Cellect should be collaterally estopped from asserting alternate claims is flawed on multiple grounds. First, contrary to Samsung's suggestion, there is no collateral estoppel in a district court action where different claims are found invalid by the PTO, because the standards for determining validity are different. Second, Cellect cannot be collaterally estopped from asserting alternate claims based on Samsung's false hope that claims *may* hypothetically be found invalid. Indeed, Samsung's imagined collateral estoppel argument only serves to highlight the premature nature of Samsung's Motion. Third, as noted above, Cellect may assert alternate claims if it has a rational basis to do so.

## II. ARGUMENT

### A.   Samsung's Ex Parte Re-Examinations Are Not a Basis to Stay This Action

To delay this action, Samsung filed its Motion based on its mere filing of 20 IPRs and 5 EPRs – Samsung did not wait for a single IPR or EPR to be instituted. In its Reply, Samsung now points to 3 (of 5) EPRs that were recently instituted, conceding that its IPRs are based on "the same general types of devices as those considered during original prosecution." (Reply at 3-4). Samsung's EPRs, however, cannot be the basis to stay this action for the reasons explained below.

#### 1.   Samsung Ex Parte Re-Examination Will Have No Impact on This Action

Samsung's EPRs allege obviousness-type double patenting ("OTDP") and are based on the contention that five of the eleven Asserted Patents cover the same inventions, or obvious variations, as Cellect's other Asserted Patents. OTDP was created to prevent patentees from extending patent term on the same invention. *Applied Materials, Inc. v. Adv. Semiconductor Materials Am., Inc.*, 98 F.3d 1563, 1568 (Fed. Cir. 1996). Samsung's EPRs rely on the flawed theory that certain of the Asserted Patents

have different expiration dates and thus improperly extend the patent term for Cellect's inventions. What Samsung neglects to point out, however, is that the only reason for the different expiration dates is because the PTO granted additional patent term based on the PTO's own delays (referred to as Patent Term Adjustment or PTA). Additional patent term granted by the PTO is not a proper basis for OTDP, and Samsung's EPRs fail to address the Federal Circuit's decision in *Novartis AG v. Ezra Ventures LLC*, which held that a statutory extension of patent term, such as PTA, should not be the basis for an OTDP rejection. 909 F.3d 1367 (Fed. Cir. 2018). As such, Samsung's EPRs will fail.

Notwithstanding that Samsung's EPRs are flawed, even if Samsung's EPRs are instituted, they will not streamline the issues in this case. Samsung asserts only that five of the patents are duplicative of the other Asserted Patents; thus, their elimination from this case would not streamline issues, because the other patents would remain at issue.

### B.  Samsung Mischaracterizes the Record and Collateral Estoppel Law

Samsung's Motion also should be denied because even if its EPRs are all instituted, Cellect may assert alternate claims pursuant to this Court's Scheduling Order, and Samsung's "estoppel theory" has no basis in fact or law.

#### 1.  Court's Scheduling Order Permits Alternate Claims

The Court expressly stated during the Scheduling Conference that Cellect could not assert more than 64 claims in its Initial Infringement Contentions and could assert no more than 32 claims after Claim Construction. Ex. D (Dkt. 60-5) at 18:11-15, 21:25-22:5. Although the Court limited the number of claims, it did so with the important caveat that it would allow Cellect to assert alternate claims if there is a rational basis. (*Id.*)

Following the Court's Order, Cellect reduced the number of asserted claims to 56, and will further reduce the number of asserted claims to 32 (or fewer) after Claim

Construction. Samsung, however, incorrectly argues that Cellect has no rational basis to assert alternate claims because it did not assert 64 claims in its Infringement Contentions. (Reply at 8-9). This argument is wrong - the Court's order was clear:

> [I]f we went by Samsung's proposal, but your 32 at the Markman stage is not limited to the 64, **but could include claims that weren't in the original 64**, with some showing of good cause, I mean, it would be a minimal, in my opinion, showing of good cause, what do you think about that? . . . So the way I would describe [the good cause requirement], if you ever -- if anybody ever practiced some kind of constitutional law, is at least if I think there is a rational basis, not just arbitrary, but a rational basis for the change, and they can articulate a rational basis, that me I think would be enough.

Ex. D (Dkt. 60-5) at 18:11-15, 21:25-22:5 (emphasis added).

The fact that Cellect asserted fewer than 64 claims is consistent with the Court's goals of reducing the number of claims without prejudicing Cellect. There is no basis to argue that Cellect cannot assert alternate claims.

### 2.  No Collateral Estoppel

Samsung incorrectly relies on *Ohio Willow Wood Co. v. Alps South, LLC*, 735 F.3d 1333 (Fed. Cir. 2013), to argue that Cellect cannot assert different claims from the same patent if the PTO finds some claims are invalid. (Reply Br. at 10). This is wrong for multiple reasons.

First, several courts have rejected the application of *Ohio Willow* to collaterally estop a plaintiff from asserting a patent based on a finding of invalidity in the PTAB. That is because *Ohio Willow* involved using a previous district court decision, not a PTAB decision, and district courts and the PTAB use fundamentally different standards for determining invalidity – clear and convincing v. preponderance of the evidence, respectively. *See, e.g.*, *Clearlamp, LLC v. LKQ Corp.*, 2016 U.S. Dist. LEXIS 186028, *16 n.8 (N.D. Ill. Mar. 18, 2016); *Papst Licensing GmbH & Co., KG v. Samsung Elecs.*

*Co.*, 403 F. Supp. 3d 572, 602 (E.D. Tex. 2019) (rejecting arguments that *Ohio Willow* estops assertion of a patent based on the PTAB's finding of invalidity).

Second, the PTO has not found any claims invalid and there can be no estoppel. Samsung's mere *hope* that the PTO may find some claims invalid cannot be grounds for collateral estoppel. In fact, there can be no estoppel until there is a final resolution of such claims by the Federal Circuit. Specifically, a PTAB decision is not final for purposes of issue preclusion until the appellate process has been completed. For example, in *AbbVie*, the Federal Circuit held that a PTAB decision was not entitled to preclusive effect in a district court action, noting that the statutory scheme at the time allowed for *de novo* review of PTAB decisions. *AbbVie Deutschland GmbH v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1296-97 (Fed. Cir. 2014). Thus, Samsung's assertion of collateral estoppel is fatally flawed and emphasizes the premature nature of its Motion.

Third, there are many alternate claims that are substantially different from the claims that are the subject of Samsung's EPRs and IPRs that are not subject to collateral estoppel. Indeed, Samsung could have filed IPRs and EPRs for the alternate claims, but chose not to do so. Indeed, the PTO expressly noted that Samsung could have sought to add all of the alternate claims in the EPRs but had failed to do so. Significantly, the PTO also acknowledged that it had authority to *sua sponte* add additional claims but expressly decided not to do so. Ex. O (Dkt. 61-4) at 22-23 (pgs. 20-21). Consequently, most of Cellects claims remain unaffected by Samsung's EPRs and IPRS.

III.     **CONCLUSION**

For the reasons stated above and in its Response Cellect respectfully requests Samsung's Stay Motion be denied.

Dated: New York, New York
April 15, 2020

Respectfully submitted,

By:

/s/ Kenneth F. Eichner
Kenneth F. Eichner
THE EICHNER LAW FIRM
3773 Cherry Creek Drive North
West Tower, Suite 900
Denver, Colorado 80209
T: (303) 837-9800
ken@eichnerlaw.com

/s/ Lynn C. Hartfield
Lynn C. Hartfield, LLC
387 Corona Street, Suite 617
Denver, Colorado 80218
Telephone: (720) 588-0571
Email: lynn@lhartfieldlaw.com
SPECIAL COUNSEL TO
The Eichner Law Firm
3773 Cherry Creek Drive North
West Tower, Suite 900
Denver, Colorado 80209
T: (720) 588-0571
lynn@eichnerlaw.com

/s/ Paul J. Andre
Paul J. Andre
KRAMER LEVIN NAFTALIS & FRANKEL, LLP
990 Marsh Road
Menlo Park, CA 94025
T: (650) 752-1700
pandre@kramerlevin.com

/s/ Jonathan S. Caplan
Jonathan S. Caplan
/s/ Marcus A. Colucci
Marcus A. Colucci
KRAMER LEVIN NAFTALIS & FRANKEL, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
jcaplan@kramerlevin.com
mcolucci@kramerlevin.com

*Attorneys for Plaintiff*
CELLECT, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2020, a true and correct copy of the foregoing document was filed with the Clerk of the Court using CM/ECF system.

By: */s/ Jonathan S. Caplan*
      Jonathan S. Caplan

Attorneys for Plaintiff
Cellect, LLC