**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| CELLECT, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>Defendants. | Case No. 1:19-cv-00438-CMA-MEH |

**JOINT QUARTERLY STATUS UPDATE**
**REGARDING IPR AND EPR DEVELOPMENTS**

Pursuant to the Court's June 23, 2020 Order Granting Defendant's Motion for Stay Pending *Inter Partes* Review and *Ex Parte* Reexamination of Asserted Claims (Dkt. No 74), Plaintiff Cellect, LLC ("Cellect") and Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung") jointly submit the following quarterly status update to notify the Court of relevant developments regarding Samsung's petitions for *inter partes* review ("IPR") and *ex parte* reexaminations ("EPR"). As indicated in the charts below, of the 56 asserted claims in this litigation, 1 claim has been cancelled by Cellect, 40 claims have been found unpatentable by the Patent Trial and Appeal Board ("PTAB"), and the remaining 15 claims have received final rejections from the Central Reexamination Unit of the USPTO and are being appealed by Cellect to the PTAB.

For the 40 claims found unpatentable by the PTAB, Cellect appealed the PTAB's determinations to the Federal Circuit, with the Federal Circuit affirming the PTAB's determinations for all 40 claims. For 14 of those claims (corresponding to four of the

asserted patents), the time for filing a petition for rehearing or writ of certiorari has expired, and the Federal Circuit's determinations are final.

**I. *Ex Parte* Reviews**

As detailed in the table below, Samsung filed eight requests for EPR, challenging the validity of the asserted claims of eight asserted patents. Five of the EPR requests were filed prior to the stay of litigation; three of the EPR requests were filed in June 2022.

Of the five EPR requests filed prior to the stay of litigation, reexamination was ordered by the USPTO prior to the stay of litigation. One challenged claim was cancelled by Cellect; all other challenged claims in each of the five EPRs were rejected in final office actions, and the rejections affirmed by the PTAB on appeal. Cellect appealed the PTAB's affirmances to the Federal Circuit, with the Federal Circuit affirming those appeals. The Federal Circuit's determinations are final as to the three claims challenged from the '740 patent. Cellect's petitions for rehearing en banc of the Federal Circuit's determinations as to the challenged claims of the '369, '626, '742, and '621 patents were denied and Cellect filed a petition for a writ of certiorari on May 20, 2024. The writ of certiorari was denied on October 7, 2024.

The USPTO ordered reexamination for the remaining three EPR requests in August 2022 (corresponding to '839, '255, and '036 patents). All challenged claims in each of the three EPRs were rejected in final office actions, and for which Cellect has filed Notices of Appeal with the PTAB. The issues are fully briefed, and the parties await final written decisions.

| Asserted Patent | Challenged Claims | EPR No. | Current Status |
|---|---|---|---|
| 6,043,839 | Claims 1, 4, 28, 30 | 90/019,091 | Samsung filed reexamination request on June 24, 2022.<br>USPTO ordered reexamination on August 29, 2022.<br>USPTO issued a Final Office Action on April 4, 2023, rejecting all challenged claims.<br>Cellect filed response to Final Office Action on June 5, 2023.<br>USPTO issued Advisory Action on June 16, 2023, maintaining final rejections.<br>Cellect filed Notice of Appeal to PTAB on August 3, 2023.<br>Cellect filed appeal brief to PTAB on October 3, 2023.<br>Examiner filed responsive brief on May 30, 2024.<br>Cellect filed a reply brief on July 30, 2024.<br>Waiting for decision. |
| 6,275,255 | Claims 1, 4, 7, 8, 11 | 90/019,090 | Samsung filed reexamination request on June 24, 2022.<br>USPTO ordered reexamination on August 29, 2022.<br>USPTO issued a Final Office Action on May 19, 2023, rejecting all challenged claims.<br>Cellect filed an Interview Summary and Response on June 5, 2023<br>Cellect filed response to Final Office Action on July 19, 2023.<br>USPTO issued Advisory Action on August 10, 2023, maintaining final rejections. |

| | | | |
|---|---|---|---|
| | | | Cellect filed Notice of Appeal to PTAB on September 18, 2023.<br><br>Cellect filed appeal brief to PTAB on November 20, 2023.<br><br>Examiner filed responsive brief on May 30, 2024.<br><br>Cellect filed a reply brief on July 30, 2024.<br><br>Waiting for decision. |
| 6,424,369 | Claims 1, 17, 19, 21, 22, 27, 49, 55, 61 | 90/014,454<br><br>(Federal Appeal No. 22-1294) (consolidated) | Patent Trial and Appeal Board affirmed final rejection of all challenged claims on December 1, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on December 22, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for 22-1293, 22-1294, 22-1295, 22-1296.<br><br>Federal Circuit affirmed the PTAB's rejection of challenged claims on August 28, 2023.<br><br>Cellect's petition for rehearing en banc was denied on January 19, 2024.<br><br>Cellect filed petition for a writ of certiorari on May 20, 2024.<br><br>USPTO filed its opposition to Cellect's petition for a writ of certiorari on August 21, 2024.<br><br>Cellect filed a reply brief in support of its petition for a writ of certiorari on September 4, 2024.<br><br>A petition to reinstate the claims based on a change in law was filed on October 6, 2024.<br><br>Certiorari was denied on October 7, 2024. |
| 6,452,626 | Claims 1, 5, 11, 33, 34, 58, 64 | 90/014,455<br><br>(Federal Appeal No. | Patent Trial and Appeal Board affirmed final rejection of all challenged claims on December 1, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on December 22, 2021. |

| | | | |
|---|---|---|---|
| | | 22-1295) (consolidated) | The Federal Circuit Court of Appeals has consolidated the appeals for 22-1293, 22-1294, 22-1295, 22-1296.<br>Federal Circuit affirmed the PTAB's rejection of challenged claims on August 28, 2023.<br>Cellect's petition for rehearing en banc was denied on January 19, 2024.<br>Cellect filed petition for a writ of certiorari on May 20, 2024.<br>USPTO filed its opposition to Cellect's petition for a writ of certiorari on August 21, 2024.<br>Cellect filed a reply brief in support of its petition for a writ of certiorari on September 4, 2024.<br>Certiorari was denied on October 7, 2024.<br>**Final Status:** All challenged claims unpatentable. |
| 6,862,036 | Claims 1, 2, 6, 17, 33, and 35 | 90/019,092 | Samsung filed reexamination request on June 24, 2022.<br>USPTO ordered reexamination on August 26, 2022.<br>USPTO issued a Final Office Action on May 17, 2023, rejecting all challenged claims.<br>Cellect filed a Supplemental Response to Non-Final Office Action on June 5, 2023<br>USPTO issued Advisory Action on June 27, 2023, maintaining final rejections.<br>Cellect filed Notice of Appeal to PTAB on September 18, 2023.<br>Cellect filed appeal brief to PTAB on November 20, 2023.<br>Examiner filed responsive brief on May 30, 2024. |

| | | | |
|---|---|---|---|
| | | | Cellect filed a reply brief on July 30, 2024.<br><br>Waiting for decision. |
| 6,982,740 | Claims 1, 2, 13 | 90/014,452<br><br>(Federal Appeal No. 22-1292) | Challenged claim 13 cancelled by Cellect on February 24, 2021.<br><br>Patent Trial and Appeal Board affirmed final rejection of all remaining challenged claims on December 1, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on December 22, 2021.<br><br>Federal Circuit affirmed the PTAB's rejection of challenged claims on June 14, 2023.<br><br>No petition for rehearing or writ or certiorari filed.<br><br>**Final Status:** All challenged claims unpatentable. |
| 6,982,742 | Claims 22, 42, 58, 66 | 90/014,453<br><br>(Federal Appeal No. 22-1293) (consolidated) | Patent Trial and Appeal Board affirmed final rejection of all challenged claims on December 1, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on December 22, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for 22-1293, 22-1294, 22-1295, 22-1296.<br><br>Federal Circuit affirmed the PTAB's rejection of challenged claims on August 28, 2023.<br><br>Cellect's petition for rehearing en banc was denied on January 19, 2024.<br><br>Cellect filed petition for a writ of certiorari on May 20, 2024.<br><br>USPTO filed its opposition to Cellect's petition for a writ of certiorari on August 21, 2024.<br><br>Cellect filed a reply brief in support of its petition for a writ of certiorari on September 4, 2024. |

| | | | |
|---|---|---|---|
| | | | Certiorari was denied on October 7, 2024.<br><br>**Final Status:** All challenged claims unpatentable. |
| 7,002,621 | Claims 25, 26, 27, 28, 29, 33 | 90/014,457<br><br>(Federal Appeal No. 22-1296) (consolidated) | Patent Trial and Appeal Board affirmed final rejection of all challenged claims on December 1, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on December 22, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for 22-1293, 22-1294, 22-1295, 22-1296.<br><br>Federal Circuit affirmed the PTAB's rejection of challenged claims on August 28, 2023.<br><br>Cellect's petition for rehearing en banc was denied on January 19, 2024.<br><br>Cellect filed petition for a writ of certiorari on May 20, 2024.<br><br>USPTO filed its opposition to Cellect's petition for a writ of certiorari on August 21, 2024.<br><br>Cellect filed a reply brief in support of its petition for a writ of certiorari on September 4, 2024.<br><br>Certiorari was denied on October 7, 2024.<br><br>**Final Status:** All challenged claims unpatentable. |

## II. *Inter Partes* Reviews

Samsung filed twenty IPR petitions, collectively challenging the validity of all asserted claims across the eleven asserted patents. As shown below, IPR was instituted for four petitions covering three patents ('052, '565, and '896 patents); IPR was denied for sixteen petitions covering eight patents ('839, '255, '369, '626, '036, '740, '742, and

’621 patents).[1,2] All challenged claims in each instituted IPR were held unpatentable in Final Written Decisions by the PTAB. Cellect appealed the PTAB’s determinations to the Federal Circuit, and the Federal Circuit affirmed the PTAB’s determinations. The Federal Circuit’s determinations are final.

| Asserted Patent | Challenged Claims | IPR Nos. | IPR Status |
|---|---|---|---|
| 6,043,839 | Claims 1, 4, 28, 30 | IPR2020-00472 | Institution denied. |
| 6,275,255 | Claims 1, 4, 7, 8, 11 | IPR2020-00473 | Institution denied. |
| 6,424,369 | Claims 1, 17, 19, 21, 22, 27, 49, 55, 61 | IPR2020-00562<br>IPR2020-00563<br>IPR2020-00564 | Institution denied. |

[1] Samsung notes that for each IPR petition in which institution was denied, the Board determined that the term “circuitry means” in the relevant challenged claims is a means-plus-function term. Samsung further notes that, in its analysis, the Board determined that the patent specification lacked sufficient disclosure of a corresponding structure under 35 U.S.C. § 112 for the claimed “circuitry means” and, because the PTAB is statutorily prohibited in IPRs from cancelling challenged claims based on grounds of indefiniteness under § 112, denied institution on this basis. With respect to challenged claim 33 of the ’621 patent (which does not contain the term “circuitry means”), the Board likewise denied institution on a similar basis, finding that the claimed term “’circuitry within said video’ lacks any discernable scope because claim 33 recites no ‘video,’ and even if it did, we find nothing in the Specification to indicate what it means to find circuitry within a ‘video.’”

[2] Cellect notes that for each IPR petition in which institution was denied, Petitioner, Samsung, took the position that “circuitry means” was not a means-plus-function claim term under 35 U.S.C. § 112. The Board further noted that Petitioner did not submit any testimony from a technical witness regarding the structure for “circuitry means.” Petitioner bears the burden of establishing a reasonable likelihood of success under 35 U.S.C. § 314(a), not Patent Owner. The Board, therefore, denied institution because it could not determine the sufficiency of the structure identified by Petitioner without undue speculation and could not determine obviousness of the challenged claims. With respect to challenged claim 33 of the ’621 patent (which does not contain the term “circuitry means”), the Board likewise denied institution and stated that, “Petitioner [Samsung] does not address the mistake. 37 C.F.R. § 42.104(b)(3) provides that a Petition must set forth, “[h]ow the challenged claim is to be construed.” Therefore, it was incumbent on Petitioner to address how the phrase “circuitry within said video” in claim 33 should be construed…”

| | | | |
|---|---|---|---|
| 6,452,626 | Claims 1, 5, 11, 33, 34, 58, 64 | IPR2020-00565<br>IPR2020-00566<br>IPR2020-00567 | Institution denied. |
| 6,862,036 | Claims 1, 2, 6, 17, 33, 35 | IPR2020-00568<br>IPR2020-00569 | Institution denied. |
| 6,982,740 | Claims 1, 2, 13 | IPR2020-00474 | Institution denied. |
| 6,982,742 | Claims 22, 42, 58, 66 | IPR2020-00559<br>IPR2020-00560<br>IPR2020-00561 | Institution denied. |
| 7,002,621 | Claims 25, 26, 27, 28, 29, 33 | IPR2020-00571<br>IPR2020-00572 | Institution denied. |
| 9,186,052 | Claims 1, 2, 3, 7 | IPR2020-00475<br>(Federal Appeal No. 22-1272)<br>IPR2020-00512 (Federal Appeal No. 22-1273) | IPR instituted (for both IPR2020-00475 and IPR2020-00512).<br>All challenged claims found unpatentable by Patent Trial and Appeal Board in Final Written Decision dated August 17, 2021.<br>Cellect filed Notice of Appeal with Federal Circuit on December 15, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for IPR2020-00475, -00476, -00477, and -00512.<br>Federal Circuit affirmed the PTAB's decision finding all challenged claims unpatentable on June 14, 2023.<br>No petition for rehearing or writ of certiorari filed.<br>Federal Circuit issues Mandate on August 7, 2023.<br>**Final Status:** All challenged claims unpatentable. |
| 9,198,565 | Claims 1, 6, 31, 32, 36 | IPR2020-00476 (Federal Appeal No. 22-1100) | IPR instituted.<br>All challenged claims found unpatentable by Patent Trial and |

| | | | |
|---|---|---|---|
| | | | Appeal Board in Final Written Decision dated June 30, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on October 29, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for IPR2020-00475, -00476, -00477, and -00512.<br><br>Federal Circuit affirmed the PTAB's decision finding all challenged claims unpatentable on June 14, 2023.<br><br>No petition for rehearing or writ of certiorari filed.<br><br>Federal Circuit issues Mandate on August 7, 2023.<br><br>**Final Status:** All challenged claims unpatentable. |
| 9,667,896 | Claims 1, 5, 21 | IPR2020-00477 (Federal Appeal No. 22-1101) | IPR instituted.<br><br>All challenged claims found unpatentable by Patent Trial and Appeal Board in Final Written Decision dated July 15, 2021.<br><br>Cellect filed Notice of Appeal with Federal Circuit on October 29, 2021. The Federal Circuit Court of Appeals has consolidated the appeals for IPR2020-00475, -00476, -00477, and -00512.<br><br>Federal Circuit affirmed the PTAB's decision finding all challenged claims unpatentable on June 14, 2023.<br><br>No petition for rehearing or writ of certiorari filed.<br><br>Federal Circuit issues Mandate on August 7, 2023.<br><br>**Final Status:** All challenged claims unpatentable. |

**III. Future Developments**

Consistent with this Court's order (Dkt. No. 74), the parties expect to file the next quarterly update on the status of the filed IPRs and EPRs on or about February 28, 2025, or at other such time as determined by the Court.

Respectfully submitted this 25th day of November, 2024.

Counsel for Cellect

*/s/ Marcus A. Colucci*
Kenneth F. Eichner
Lynn C. Hartfield
THE EICHNER LAW FIRM
3773 Cherry Creek Drive North
West Tower, Suite 900
Denver, CO 80209
ken@eichnerlaw.com
lynn@eichnerlaw.com

Paul J. Andre
KRAMER LEVIN NAFTALIS & FRANKEL, LLP
333 Twin Dolphin Drive; Suite 700
Redwood Shores, CA 94065
T: (650) 752-1700
pandre@kramerlevin.com

Jonathan S. Caplan
Marcus A. Colucci
KRAMER LEVIN NAFTALIS & FRANKEL, LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
jcaplan@kramerlevin.com
mcolucci@kramerlevin.com

*Attorneys for Plaintiff*
Cellect, LLC

Counsel for Samsung

*/s/ Evan Rothstein*
Evan Rothstein
ARNOLD & PORTER KAYE SCHOLER
370 Seventeenth Street, Suite 4400
Denver, CO 80202-1370
Telephone: (303) 863-2308
Facsimile: (312).583-2360
Evan.Rothstein@arnoldporter.com

James R. Batchelder
David S. Chun
ROPES & GRAY LLP
1900 University Ave, 6th Floor
East Palo Alto, CA 94303-2284
Telephone: (650) 617-4000
Facsimile: (650) 617-4090
James.Batchelder@ropesgray.com
David.Chun@ropesgray.com

Steve Pepe
Kevin J. Post
Alexander Middleton
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036-8704
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
Steven.Pepe@ropesgray.com
Kevin.Post@ropesgray.com
Alexander.Middleton@ropesgray.com

*Attorneys for Defendants*
SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2024, a true and correct copy of the foregoing document was filed with the Clerk of the Court using CM/ECF system and served via email upon the following:

Evan Rothstein–Evan.Rothstein@arnoldporter.com
James R. Batchelder–James.Batchelder@ropesgray.com
David S. Chun–David.Chun@ropesgray.com
Steve Pepe–Steven.Pepe@ropesgray.com
Kevin J. Post–Kevin.Post@ropesgray.com
Alexander Middleton–Alexander.Middleton@ropesgray.com

*Attorneys for Defendants*

By: */s/ Marcus A. Colucci*
Marcus A. Colucci