# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-00438-DDD-CYC

CELLECT, LLC, a Colorado Limited Liability Company,

      Plaintiff,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, and
SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation,

      Defendants.

---

## CELLECT, LLC'S MOTION FOR LEAVE TO AMEND COMPLAINT

---

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ISSUE OF LAW .............................................................................................. 2

III. STATEMENT OF THE FACTS ...................................................................... 2

  A. The Procedural History of the Case ...................................................... 2

  B. Intervening Change in Law.................................................................... 4

  C. Current State of the Case ....................................................................... 5

IV. ARGUMENT .................................................................................................... 6

  A. Cellect's Motion for Leave to Amend Should be Granted Under Rule 15............ 6

    1. Narrowing Patent Claims For Case Management Purposes Is
     Considered A Dismissal Without Prejudice Under the Law ...................... 6

    2. There Has Not Been Any Undue Delay and Cellect Is Seeking
     Leave To Reassert Claims In Good Faith .................................... 7

    3. Defendants Will Not Be Prejudiced With The Proposed
     Amendment........................................................................ 10

    4. A Change in Law Itself is Grounds For Leave to Amend
     Complaint......................................................................... 11

  B. Cellect Has Good Cause For Seeking Leave To Amend...................................... 12

V. CONCLUSION.................................................................................................. 14

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*,
    111 F.4th 1358 (Fed. Cir. 2024) .............................................................................13

*American Tack & Hardware Co. v. SnapRays, LLC*,
    No. 2:25-cv-00603-DBB-JCB, 2026 WL 396239 (D. Utah Feb. 12, 2026)...................6, 7, 10

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
    575 U.S. 138 (2015)..................................................................................................10

*Barker v. Moss*,
    No. 21-cv-03439-PAB-NRN, 2022 WL 17534096 (D. Colo. July 11, 2022) ........................10

*In re: Cellect, LLC*,
    81 F.4th 1216 (Fed. Cir. 2023) ................................................................4, 9, 12, 13

*Cocona, Inc. v. VF Outdoor, LLC*,
    No. 16-cv-02703-CMA-MLC, 2022 WL 462074 (D. Colo. Feb. 15, 2022) .............................8

*Datanet LLC v. Microsoft Corp.*,
    No. 2:22-cv-1545, 2024 WL 402876 (W.D. Wash. Feb. 2, 2024) .........................................13

*Dobbs v. Jackson Women's Health Org.*,
    597 U.S. 215 (2022)..................................................................................................12

*Foman v. Davis*,
    371 U.S. 178 (1962).................................................................................................6, 7

*Great N. Ins. Co. v. 100 Park Ave. Homeowners Ass'n, Inc.*,
    No. 16-cv-02009-JLK, 2019 WL 9355717 (D. Colo. Sept. 11, 2019) ...................................11

*Johnson v. Precythe*,
    141 S. Ct. 1622 (2021)..............................................................................................12

*Kammok Holdings, LLC v. Easthills, Inc.*,
    No. 23-cv-02405-SKC-TPO, Dkt. 148 (D. Colo. Feb. 2, 2026)..................................7, 10, 12

*In re Katz Interactive Call Processing Pat. Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)...................................................................................9

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
    127 F.4th 1376 (Fed. Cir. 2025) ........................................10

*Kroy IP Holdings, LLC v. Groupon, Inc.*,
    146 F.4th 1360 (Fed. Cir. 2025) ........................................9

*Maloney v. City of Pueblo*,
    323 F.R.D. 358 (D. Colo. 2018) ........................................7

*Midwest Med. Sols., LLC v. Exactech U.S., Inc.*,
    95 F.4th 604 (8th Cir. 2024) ........................................13

*Minter v. Primer Equip. Co.*,
    451 F.3d 1196 (10th Cir. 2006) ........................................10, 11

*Pumpco, Inc. v. Schenker Int'l, Inc.*,
    204 F.R.D. 667 (D. Colo. 2001) ........................................13

*SanDisk Corp. v. Kingston Tech. Co.*,
    695 F.3d 1348 (Fed. Cir. 2012) ........................................6

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
    531 U.S. 497 (2001) ........................................11

*Students for Fair Admissions (SFFA) v. President and Fellos of Harvard College*,
    600 U.S. 181 (2023) ........................................12

*Sunflower Condominium Ass'n, Inc. v. Owners Ins. Co.*,
    No. 16-cv-02946-WJM, 2017 WL 6276460 (D. Colo. Dec. 11, 2017) ........................................13

*Trs. of N. Cal. Tile Indus. Pension Trust Fund v. Peacock Tiel and Marble Inc.*,
    No. C-11-03859-DMR, 2012 WL 1998213 (N.D. Cal. May 13, 2013) ........................................8

**Other Authorities**

Fed. R. Civ. P. 15 ........................................1, 6

Fed. R. Civ. P. 16(b) ........................................1, 12, 13

## I.    INTRODUCTION

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Cellect, LLC ("Cellect") seeks leave to amend its complaint to reassert seven claims from four patents already asserted in the case that the Court required Cellect to dismiss without prejudice at the early stage of the case.[1]  Here, leave to amend, which is freely granted when justice so requires, is appropriate given the procedural posture of this case.  Within months of the case being filed, Defendants aggressively pursued narrowing the case (Dkt. 27 at 9-10), which resulted in the Court, for case management purposes, requiring Cellect to limit the number of patent claims it could assert at that stage of the case.  Thereafter, Defendants filed an unrestrained number of post-issuance requests with the Patent Office—twenty (20) requests for *inter partes* review ("IPRs") and five (5) requests for *ex parte* reexamination ("EPRs")—and immediately sought to stay the litigation.  Defendants then filed three (3) additional EPRs.  In the 28 post-issuance requests, however, Defendants elected to only challenge the narrowed set of patent claims.  Now, after the nearly five year stay has been lifted, justice requires and the case law permits Cellect leave to reassert claims that were dismissed without prejudice due to the case narrowing that Cellect was forced to do early in the case, which Defendants oppose.

Should the Court decide that Rule 16(b) applies, Cellect also has good cause to amend its pleadings to reassert the Narrowed Asserted Claims that were withdrawn without prejudice due

---

[1] Cellect is seeking to reassert the following seven (7) claims that were prematurely dismissed without prejudice: Claims 3 and 9 of U.S. Patent No. 6,043,839 ("'839 Patent"), Claims 4 and 5 of U.S. Patent No. 6,424,369 ("'369 Patent"), Claims 3 and 15 of U.S. Patent No. 6,982,740 ("'740  Patent"), and Claim 3 of U.S. Patent No. 9,667,896 ("'896 Patent") (collectively, "Narrowed Asserted Claims").

to the Court's narrowing requirement.  In addition to the facts described above, this Motion is timely, as there is no deadline to file amended pleadings and the amendment is important to vindicate Cellect's rights with respect to the Asserted Patents.  Further, there would not be any prejudice to Defendants who told the Court when seeking the stay, the case "is still in its early stages [] and the majority of the work by the Court and the parties remains to be done."  Dkt. 56 at 2.  Cellect, in contrast, would be severely prejudiced if leave is not granted because it would be precluded from adjudicating its patent rights against Defendants.

## II.    ISSUE OF LAW

Does justice require leave for Cellect to amend its complaint to reassert a narrowed set of valid patent claims that the Court forced Cellect to dismiss without prejudice early in the case?

Does Cellect have good cause to amend its complaint to reassert patent claims that the Court forced Cellect to dismiss without prejudice early in the case?

## III.    STATEMENT OF THE FACTS

### A.    The Procedural History of the Case

Some seven years ago, Cellect filed its Complaint against Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Defendants") on February 14, 2019, alleging infringement of patent claims included in eleven patents.  Dkt. 1.  Since that time, Defendants have done everything to delay adjudication of this case and prevent Cellect from rightfully asserting the full breadth of its Asserted Patents.  After losing their self-described "case-dispositive motion" to dismiss (Dkt. 16 at 1), Defendants insisted that Cellect narrow the number of claims it could assert from the outset of the case, even before Cellect served its

infringement contentions.  *See* Dkt. 27 at 9-10; Dkt. 111-3, Ex. 1, 7/30/19 Discovery Hearing Transcript at 16:24-17:6.

Judge Hegarty, who presided over the matter at the time, ordered Cellect to limit the number of asserted claims before meaningful discovery and claim construction began as a case management tool, but nonetheless, stated that Cellect would have the ability to substitute claims. Dkt. 111-3, Ex. 1 (7/30/19 Hearing Tr.) at 14:9-14.  He used this narrowing framework to manage the proceedings (*id*. at 12:8-14), and stated that Cellect could later substitute these claims with a rational basis (or at most good cause) to do so.  *Id*. at 18:10-15, 20:1-18, 21:25-22:5.  The Court described managing the substitutions with a "periodic status conference," so that each of Cellect's causes of actions can be dealt with in an efficient manner.  *Id*. at 22:10-14. The Scheduling Order did not include a deadline to amend pleadings.  Dkt. 27.

Thereafter, Cellect selected a subset of its asserted claims, and the parties served preliminary contentions in November of 2019 and January of 2020, respectively.  Thereafter, Defendants decided to forgo Judge Hegarty's case management plan and filed twenty (20) IPRs and five (5) *ex parte* reexaminations before the Patent Office.  Despite facing no impediments to filing numerous post-issuance proceedings before the Patent Office, Defendants strategically decided to only challenge the narrow subset of asserted claims in Cellect's infringement contentions and filed a motion to stay the case.

During the briefing for the stay motion, Cellect filed a sur-reply to continue communications with Defendants and the Court about the Court's framework for substituting claims pursuant to the Scheduling Order.  Dkt. 67 at 3-4.  After the Court granted Defendants'

stay motion, Defendants filed three (3) additional EPRs with full knowledge of Cellect's ability
to substitute any claims.

At Cellect's initiative, the stay was lifted after all twenty-eight (28) Patent Office
challenges completed, and a second Scheduling Conference was held on June 24, 2025.  At the
second Scheduling Conference, Judge Chung recognized that Defendants' Patent Office
challenges threw Judge Hegarty's case management plan off course.  Dkt. 111-4, Ex. 2 (June 24,
2025, Hearing Tr.) at 4:8-5:8.  Accordingly, Judge Chung held a Status Conference, did not order
a new scheduling order, but instead set motion practice for Cellect to file its Motion to Substitute
Its Preliminarily Selected Subset of Claims.  Dkt. 109.

### B.    Intervening Change in Law

During the almost five year stay, the Asserted Patents were the subject of a significant
change in law relating to obviousness-type double patenting ("OTDP").  The Federal Circuit set
a new standard holding that the judge-made, equitable doctrine of non-statutory OTDP can
invalidate a patent simply because it has a later expiration date than a reference patent due to
Congress's full patent term guarantee.  *In re: Cellect, LLC*, 81 F.4th 1216, 1227 (Fed. Cir. 2023).
This change was so draconian in nature that the two largest intellectual property trade groups
(IPO and AIPLA), the two largest life science trade groups (BIO and PhRMA), and several
additional large organizations and companies filed *amicus curiae* briefs before the Supreme
Court supporting Cellect's arguments.  Dkt. 111-5 (Ex. 3 - IPO); Dkt. 111-6 (Ex. 4 - AIPLA);
Dkt. 111-7 (Ex. 5 - BIO, PhRMA).  The New York Intellectual Property Law Association
summarized the change as follows:

> In *In re Cellect*, the Federal Circuit (and PTO) ran roughshod over statutory
> guarantees requiring that the PTO timely examine patent applications or

> extend the resulting patent's life for the undue delays. To do so, *Cellect*
> ignored binding precedent; misapplied an equitable doctrine as a rigid,
> strict liability standard; and explicitly stated that equities do not matter.

Dkt. 111-8 at 3 (Ex. 6 – NYIPLA *Amicus Curiae* Brief).

Data shows that over 700,000 parent-child families now have an at-risk patent—where one of the pairs has patent term adjustments ("PTA") extending beyond their linked-pair—because it has PTA adjusted expiration date and does not have a terminal disclaimer on the later-expiring patent.  Dkt. 111-9, Ex. 7 (Dennis Crouch, "Cellect: Unveiling the Potential Impact on Patent Term Adjustment," July 8, 2024).  Cellect could not have anticipated such a shift in the law and could only consider the effects of this change in law for the first time after all appeals were completed.

### C.    Current State of the Case

Cellect promptly moved to lift the stay after the Supreme Court denied Cellect's Petition for Writ of Certiorari that stemmed from the limited number of asserted claims Defendants chose to contest at the Patent Office with full awareness that it was leaving out many asserted claims.  Dkt. 99.  On July 11, 2025, Cellect filed a Motion to Substitute its Preliminarily Selected Subset of Asserted Claims.  Dkt. 111. This motion requested the Court's permission to substitute the claims under the Court's case management plan.  Judge Chung issued a Report and Recommendation ("R&R") recommending denying the motion without addressing the change in law of OTDP.  Dkt. 121.  Cellect timely objected to the R&R.  Dkt. 122.

Given the past history of the case, Cellect is seeking to reassert the Narrowed Asserted Claims with this Motion for Leave.  A copy of Cellect's First Amended Complaint ("FAC") is

filed here as Exhibit A and a redline of Cellect's FAC over its original complaint is filed here as Exhibit B.

## IV.    ARGUMENT

### A.    Cellect's Motion for Leave to Amend Should be Granted Under Rule 15

#### 1.    Narrowing Patent Claims For Case Management Purposes Is Considered A Dismissal Without Prejudice Under the Law

Cellect's motion to amend the complaint should be granted because the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  As the Supreme Court notes, "if the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Here, because of Defendants' own doing that required Cellect's early selection of a subset of asserted claims, Cellect has not been afforded the opportunity to assert all its patent claims against Defendants.  This alone should be reason enough to allow Cellect to amend the complaint.

Indeed, courts in this Circuit and the Federal Circuit have found that when a plaintiff is ordered to narrow its asserted claims, the other claims, referred to as 'the unselected claims' by *American Tack*, would not be adjudicated on the merits, and would effectively be dismissed without prejudice.  *American Tack & Hardware Co. v. SnapRays, LLC*, No. 2:25-cv-00603-DBB-JCB, 2026 WL 396239, at *4 (D. Utah Feb. 12, 2026) (finding patent claims not selected in the claims reduction process are ***not*** at issue when judgment on the merits is entered and thus are not subsequently barred by res judicata); *see also SanDisk Corp. v. Kingston Tech. Co.*, 695 F.3d 1348, 1353 (Fed. Cir. 2012) (finding a lack of jurisdiction to review a claim construction order with respect to withdrawn patent claims because a patentee's voluntary withdrawal of

previously asserted patent claims was a voluntary dismissal *without* prejudice). Thus, permitting Cellect's amendment to reassert its version of unselected claims of *American Tack*, is the *only* available "opportunity to test [Cellect's] claim on the merits." *Foman*, 371 U.S. at 182. To deny Cellect this opportunity to amend its complaint and reassert its claims would effectively result in the claims reduction process always forcibly dismissing with prejudice any unselected claim, which is not the law.

> ### 2. There Has Not Been Any Undue Delay and Cellect Is Seeking Leave To Reassert Claims In Good Faith

Leave to amend is appropriate because Defendants cannot show any "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Ex. C, *Kammok Holdings, LLC v. Easthills, Inc.*, No. 23-cv-02405-SKC-TPO, Dkt. 148 at 4 (D. Colo. Feb. 2, 2026) (identifying these factors as ones justifying a refusal to allow leave to amend complaint) (quoting *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018)). The situation is of Defendants own making, forcing a narrowing early in the case and then successfully staying the case for years when the case was in its early stages—before, as Defendants told the Court, "the majority of the work" by the Court and the parties occurred. Dkt. 56 at 2.

As there is no deadline for amending the complaint, there is no undue delay. Ex. C, *Kammok*, Dkt. 148 at 5, 8 (finding no undue delay when there is no deadline because movant sought leave to amend due to recently learned information). Additionally, the case was stayed at such early stage that the parties had not gotten to the claim construction phase of the case and only limited discovery had been conducted. Dkt. 56 at 2-3. Ever since Defendants successfully convinced the Court to limit the number of claims that Cellect could assert before serving its

infringement contentions, Cellect moved as swiftly and diligently as it could and continued to do so as it requested to lift the stay and considered the asserted claims in view of the new OTDP standard.  Dkt. 99, Dkt. 111; *Cocona, Inc. v. VF Outdoor, LLC*, No. 16-cv-02703-CMA-MLC, 2022 WL 462074, at *2-3 (D. Colo. Feb. 15, 2022) (granting plaintiff's motion to amend contentions because the case was stayed at an early stage and thus the delayed request to reopen the case is "not . . . a sign of unnecessary delay, but rather an effect" of the stay instituted pending resolution of IPR and relevant appeals).

Further, there was no undue delay as Cellect diligently sought to prosecute this case against Defendants.  For example, Cellect diligently sought to lift the stay once the Supreme Court denied Cellect's Petition for Writ of Certiorari.  Dkt. 99.  This Supreme Court petition was a product of the select number of patent claims Defendants chose to contest at the Patent Office with full awareness that it was leaving out many asserted claims.  Cellect then promptly moved to substitute claims, following the Court lifting the very stay Defendants requested.  Dkt. 111.

Even more so, Cellect should not be faulted for diligently following the Court's protocol for substituting claims as set forth in the July 30, 2019, Initial Scheduling Conference from the moment the stay was lifted.  Courts have granted leave under far worse circumstances.  *Trs. of N. Cal. Tile Indus. Pension Trust Fund v. Peacock Tiel and Marble Inc.*, No. C-11-03859-DMR, 2012 WL 1998213, at *3 (N.D. Cal. May 13, 2013) (granting motion to amend complaint even though movant did *not* follow court's case management plan and should "have communicat[ed] with the court as issues arose").  Once the new law regarding claims involving PTA was settled, Cellect considered its effects as it relates to the asserted claims and, timely communicated with

the Court raising them. Dkt. Nos. 99, 111  Similarly, when Cellect's motion to substitute was

denied in the R&R, Cellect promptly objected and filed this motion.  Dkt. Nos. 121, 122.

Next, there is no evidence of bad faith or dilatory motive behind Cellect's proposed

amended complaint.  Cellect seeks to reassert the patent claims it was forced to withdraw without

prejudice when it had to narrow the number of claims.  Cellect's proposed amendment is made in

good faith to fully adjudicate the dispute between the parties, and there have been no previous

amendments.  *In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303 (Fed. Cir. 2011)

presented a similar situation where the patentee was too asked to limit an initial set of asserted

claims.   The Court limited the claims and added a provision that expressly stated, "the

limitations on the number[] of claims were not immutable."  *Id.* at 1309.  The Federal Circuit

found the limitation of claims fair and reasonable in view of the provision, particularly because

each patent claim embodies a property right.  *Id.* at 1311-12, 1311 n.6.  Thus, Cellect is simply

just exercising its protected right.  Due to Defendants forcing this case to stray from the Court's

prescribed protocol early on, Cellect has "claims in the challenged patents [that] are entitled to

their full term, including the duly granted PTA," which are claims that the Federal Circuit had

"no basis for consideration."  *In re: Cellect*, 81 F.4th at 1230.  Thus, Cellect's amendment to

reassert the Narrowed Asserted Claims is made in good faith and without dilatory motive.

Furthermore, Cellect's proposed amendment identifies claims that were not subject to

IPR and remain unadjudicated—making futility a non-issue.  *Kroy IP Holdings, LLC v.*

*Groupon, Inc.*, 146 F.4th 1360, 1361 (Fed. Cir. 2025) (finding collateral estoppel not applicable

to unadjudicated patent claims when different legal standards apply).  As the Federal Circuit

recently found "a prior final written decision of the Board of patentability on separate patent

claims reached under a preponderance of the evidence standard cannot collaterally estop a

patentee from asserting other, unadjudicated patent claims in district court litigation." *Kroy IP*

*Holdings, LLC v. Groupon, Inc.*, 127 F.4th 1376, 1381 (Fed. Cir. 2025).  Issue preclusion

requires, among other things, that "an issue of fact or law is actually litigated." *B&B Hardware,*

*Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015).  This is particularly relevant because the

claims at issue in the FAC were never subject to IPR and thus were never actually litigated.

*American Tack*, 2026 WL 396239, at *4 (finding unselected patent claims in the claims reduction

process are ***not*** at issue when judgment on the merits is entered and thus are not subsequently

barred by res judicata).

Additionally, this Court has found futility to be "functionally equivalent to the question

of whether a complaint may be dismissed for failure to state a claim."  Ex. C, *Kammok*, Dkt. 148

at 9 (quoting *Barker v. Moss*, No. 21-cv-03439-PAB-NRN, 2022 WL 17534096, *2 (D. Colo.

July 11, 2022)).  As Cellect's amendment is limited to reasserting seven claims from four

patents, the efficacy of Cellect's Proposed Amended Complaint should not be doubted.  *Id.*

### 3.  Defendants Will Not Be Prejudiced With The Proposed Amendment

Defendants will not be prejudiced by Cellect's amendment as it was Defendants who

successfully narrowed the number of claims early in the case and obtained a stay.  *Minter v.*

*Primer Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (finding no prejudice in amending the

complaint when "there is significant overlap in the factual underpinnings and defenses" between

the original and amended complaint).

When Cellect was willing to confer to discuss the asserted claims from the outset of the

case, Defendants wanted the claims substantially narrowed at the "early stages." Dkt.  61 at 10

(Defendants' Reply re Motion to Stay), Dkt. 74 at 12 (Order granting Motion to Stay).  Because

of this, the Court prescribed a protocol that uniquely included "periodic status conference[s]" to

determine whether substitutions would be made and "expedited consideration, expedited

briefing, and even an expedited hearing."  Dkt. 111-3, Ex. 1 at 22:10-14, 24:23-25:5.  Even with

full awareness of the Court's prescribed protocol, Defendants engaged an arsenal of resources in

their post-issuance proceedings, but only elected to challenge a limited number of asserted

claims.  Defendants could have conferred with Cellect, followed the Court's protocol, and

challenged all the asserted claims, but Defendants chose not to.

Indeed, this is not a case where the amendment "arise[s] out of a subject matter different

from what was set forth in the complaint and raise[s] significant new factual issues."  *Minter*,

451 F.3d at 1208.  This is the same subject matter, which has been at issue since this case's

inception, such that there cannot be any prejudice to Defendants.  The Supreme Court finds the

"primary meaning of 'dismissal without prejudice,'. . . is dismissal *without* barring the plaintiff

from returning later, ***to the same court,*** with the same underlying claim[s]."  *Semtek Int'l Inc. v.*

*Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (emphasis added).  Thus, denying Cellect the

ability to amend its complaint to reassert its remaining valid claims would severely prejudice

Cellect, who will have been foreclosed from asserting all of its claims in the case.

### 4.  A Change in Law Itself is Grounds For Leave to Amend Complaint

A change in law itself is grounds to amend a complaint.  *Great N. Ins. Co. v. 100 Park*

*Ave. Homeowners Ass'n, Inc.*, No. 16-cv-02009-JLK, 2019 WL 9355717, at *1 (D. Colo. Sept.

11, 2019) (permitting the movant to amend its complaint in light of the new standard).  The

Federal Circuit defined a new standard for OTDP that directly applies to Cellect's asserted

claims *after* this case was stayed.  This change allowed the OTDP doctrine, the very doctrine that

Cellect considered in preliminarily selecting its subset of asserted claims, to invalidate related

patents that received PTA due to Patent Office's delays.  *In re: Cellect*, 81 F.4th at 1227.  PTA

was not a patent validity determining factor for Cellect when it first sought legal recourse for

patent infringement because the related OTDP standard recently changed.[2]  Cellect could not

have anticipated the significant change in law regarding OTDP prior to its forced preliminary

selection of the subset of asserted claims.  The dramatic change in patent law is somewhat akin

to the changes seen to affirmative action[3] and abortion.[4]  Put in number form, the *In re: Cellect*

precedential decision put over 700,000 parent-child families at-risk for invalidity.  Dkt. 111-9,

Ex. 7 at 2 (Dennis Crouch, "Cellect: Unveiling the Potential Impact on Patent Term

Adjustment").  The resulting change could not have been anticipated.  Thus, the Court should

grant leave for Cellect to amend the complaint.

### B.    Cellect Has Good Cause For Seeking Leave To Amend

Cellect satisfies Rule 16(b)'s "good cause" requirement for seeking leave to amend, for

all the same reasons discussed above.  Ex. C, *Kammok*, Dkt. 148 at 5 (finding plaintiff's request

to amend need not meet a "good cause" standard of Fed. R. Civ. P. 16(b) when no deadline for

---

[2] *Johnson v. Precythe*, 141 S. Ct. 1622, 1624 (2021) (Sotomayor, J. dissenting) (dissenting to the denial of petition for writ because the Eighth Circuit's decision to deny movant leave to amend complaint punishes movant for "failing to anticipate" changes in the law and ensures that movant's "claim will never be heard on the merits").

[3] *See generally Students for Fair Admissions (SFFA) v. President and Fellos of Harvard College*, 600 U.S. 181 (2023) (finding race can now be considered as a positive factor when making higher education admissions decisions).

[4] *See generally Dobbs v. Jackson Women's Health Org.*, 597 U.S. 215 (2022) (returning the right to abortion back to the States).

the amendment of pleadings was set).  Thus, should the Court decide Rule 16(b) does apply,

Cellect has good cause to reassert the Narrowed Asserted Claims.

Circuits have found a change in law to also satisfy good cause under Fed. R. Civ. P.

16(b).  *Midwest Med. Sols., LLC v. Exactech U.S., Inc.*, 95 F.4th 604, 607 (8th Cir. 2024)

(finding an earlier decision did not represent a changed circumstance prior to which movant was

unable to raise its proposed amended claims).  As explained above, *In re: Cellect* set new ground

rules in patent law.  *Datanet LLC v. Microsoft Corp.*, No. 2:22-cv-1545, 2024 WL 402876, at *4

(W.D. Wash. Feb. 2, 2024) (noting *In re: Cellect* addressed the OTDP standard the first time).

This change required Cellect to consider its asserted claims under changed circumstances, such

as first to file and expire under *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358

(Fed. Cir. 2024), the amount of PTA awarded and those terminally disclaimed under *In re:

Cellect*.  These were not issues when Cellect was required to narrow its claims at the outset of

the case because a different standard applied.  *Sunflower Condominium Ass'n, Inc. v. Owners

Ins. Co.*, No. 16-cv-02946-WJM, 2017 WL 6276460, at *6-8 (D. Colo. Dec. 11, 2017) (finding

the movant's learning of new information showed good cause to justify amendment of

pleadings).  Because of the past events described above that cornered Cellect into its current

position, the equities strongly present good cause for Cellect's proposed amendment.  *Pumpco,

Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 669 (D. Colo. 2001) (approving the plaintiff's

request for amendment after plaintiff learned of new information).  Thus, Cellect will be severely

prejudiced if the Court did not allow it to reassert the Narrowed Asserted Claims it was forced to

effectively dismiss without prejudice, given the proposed amendment will not cause any undue

prejudice to Defendants.

## V.      CONCLUSION

For the foregoing reasons, Cellect respectfully requests the Court grant its Motion for

Leave to Amend Complaint.


                                        Respectfully submitted,

 Dated: March 9, 2026                   */s/ Paul J. Andre*
                                        Paul J. Andre
                                        Lisa Kobialka
                                        Jennifer Gilbert
                                        HERBERT SMITH FREEHILLS
                                        KRAMER (US) LLP
                                        333 Twin Dolphin Drive, Suite 700
                                        Redwood Shores, CA 94065
                                        Telephone: (650) 752-1700
                                        Facsimile: (650) 752-1800
                                        Paul.Andre@hsfkramer.com
                                        Lisa.Kobialka@hsfkramer.com
                                        Jennifer.Gilbert@hsfkramer.com

                                        Jonathan S. Caplan
                                        Marcus A. Colucci
                                        Brittany Penn
                                        HERBERT SMITH FREEHILLS
                                        KRAMER (US) LLP
                                        1177 Avenue of the Americas
                                        New York, NY 10036
                                        Telephone: (212) 715-9100
                                        Facsimile: (212) 715-8000
                                        Jonathan.Caplan@hsfkramer.com
                                        Marcus.Colucci@hsfkramer.com
                                        Brittany.Penn@hsfkramer.com

                                        Kenneth F. Eichner
                                        THE EICHNER LAW FIRM
                                        3773 Cherry Creek Drive North
                                        West Tower, Suite 900
                                        Denver, Colorado 80209
                                        Telephone: (303) 837-9800
                                        ken@eichnerlaw.com

Lynn C. Hartfield
Law Off. Of Lynn C. Hartfield, LLC
387 Corona Street, Suite 617
Denver, Colorado 80218
Telephone: (720) 588-0571
lynn@lhartfieldlaw.com
SPECIAL COUNSEL TO
THE EICHNER LAW FIRM
3773 Cherry Creek Drive North, Suite 900
Denver, Colorado 80209
Telephone: (303) 837-9800
lynn@eichnerlaw.com

Attorneys for Plaintiff
Cellect, LLC

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing paper complies with the length limitation set forth in
DDD Civ. P.S. III(A)(1).

/s/ Paul J. Andre
Paul J. Andre

## CERTIFICATE OF CONFERENCE

Pursuant to D.C.COLO.LCivR 7.1(a), Cellect certifies that the parties held a meet and
confer on February 27, 2026 to discuss the foregoing motion.

/s/ Paul J. Andre
Paul J. Andre

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, a true and correct copy of the foregoing document

was filed with the Clerk of the Court using CM/ECF system, which will send notification of such

filing to counsel for Defendants via electronic mail:

Alexander Ernest Middleton
Kevin John Post
Steven Pepe
Sheppard Mullin Richter & Hampton LLP
amiddleton@sheppardmullin.com
kpost@sheppardmullin.com
spepe@sheppardmullin.com

Evan Michael Rothstein
Arnold & Porter Kaye Scholer LLP
Evan.Rothstein@arnoldporter.com

*/s/ Paul J. Andre*
Paul J. Andre