# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02405-SKC-TPO

KAMMOK HOLDINGS, LLC,

    Plaintiff,

v.

EASTHILLS, INC., and DOES 1-10,

    Defendants.

## ORDER

**Timothy P. O'Hara, United States Magistrate Judge.**

Before this Court is Plaintiff's Second Motion for Leave to Amend Complaint. ECF 110. Defendants oppose the requested relief, and the Motion is fully briefed.[1] Further briefing or oral argument would not materially assist in the Motion's adjudication. For the reasons stated herein, the Court **grants** Plaintiff's Motion [ECF 110].

## BACKGROUND

Plaintiff "manufactures, sells, and distributes a portable and adjustable stand for hammock and other suspension seats under the Swiftlet mark (the 'Swiftlet')." ECF 1 ¶ 8. In July of 2023, Plaintiff learned of an online internet campaign by Defendant on the website Kickstarter to raise funds "for the manufacture, sale, and distribution" of a product very similar to the Swiftlet. *Id.* ¶¶

---

[1] The briefing consists of Plaintiff's Motion [ECF 110], Defendant's Response [ECF 113] and Plaintiff's Reply [ECF 114].

1

19-20. The allegedly infringing product was called the "Anymaka Hammock Stand (the 'Anymaka')." *Id.* ¶ 18. Plaintiff believes that Defendant "intentionally copied [Plaintiff's] designs." *Id.* ¶ 22.

Upon learning of the campaign, counsel for Plaintiff sent a cease-and-desist letter to the CEO and registered agent of Defendant, including Plaintiff's relevant patent and explaining Plaintiff's potential patent infringement claim. *Id.* ¶¶ 27-28. On July 31, 2023, Plaintiff also sent a "DMCA takedown request" to Kickstarter, the website hosting the campaign. *Id.* ¶ 31.

In or around September of 2023, Plaintiff filed an application for copyright registration related to Swiftlet. *Id.* ¶ 13. The "utilitarian aspects of the Swiftlet" are covered by the patent.[2] *Id.* ¶ 14.

On September 14, 2023, Plaintiff filed the present lawsuit. ECF 1. At that time, Plaintiff identified Defendant, "[o]n information and belief," to be a "Colorado corporation, organized and existing under the laws of the State of Colorado, with its principal place of business in the State of California." *Id.* ¶ 3. Plaintiff also brought claims against "Defendants Doe[] 1 through 10," noting that their true identities were unknown. *Id.* ¶ 4.

On December 19, 2023, the Parties appeared before the Honorable Michael E. Hegarty for a Scheduling Conference. ECF 16. Following the Conference, Magistrate Judge Hegarty issued the Scheduling Order. ECF 17. Magistrate Judge Hegarty did not set a deadline for the amendment of pleadings at that time. *See id.*

On January 2, 2024, Plaintiff first moved to amend the Complaint, seeking only to remove

---

[2] In the Complaint, Plaintiff indicated that the patent was attached, ECF 1 ¶ 14, but no such document was actually attached.

2

Plaintiff's copyright infringement claim against Defendant. ECF at 1. Defendant opposed and sought conditions on any dismissal of the copyright infringement claim. *Id.* at 3. Magistrate Judge Hegarty granted Plaintiff's Motion allowing Plaintiff leave to amend. ECF 36. On February 7, 2024, Plaintiff filed the First Amended Complaint (FAC), the operative Complaint. ECF 38.

On February 29, 2024, Defendant answered the FAC. ECF 41. At that time, Defendant also filed counterclaims against Plaintiff for violations of the Digital Millennium Copyright Act (DCMA), Intentional Interference with Prospective Business Relations, Unfair Competition, Civil Conspiracy, and Declaratory Judgments. *Id.* at 10-32. These counterclaims were stricken by District Judge S. Kato Crews and later resubmitted. *See* ECFs 55 & 57. Judge Crews also denied Defendant's subsequent request to amend its counterclaims based on Defendant's undue delay in bringing the claims. ECF 107. Specifically, Judge Crews found that information presented in the record demonstrated that Defendant had sufficient knowledge that "it could have brought its proposed counterclaims against Loyal IP as early as its original Answer and Counterclaims." *Id.* at 3 (citing ECF 19-4).

Then, on April 10, 2025, Plaintiff moved for leave to amend the FAC. ECF 110. Plaintiff seeks to add Anymaka Ltd. as a new defendant as well as to add limited, additional facts. *See generally id.* Defendant opposes on the ground that the amendment is untimely. ECF 113.

## LEGAL STANDARDS

Plaintiff is outside of the period where it is entitled to amend the complaint under Fed. R. Civ. P. 15(a)(1). Therefore, Plaintiff must meet the standard of Fed. R. Civ. P. 15(a)(2), *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (citations omitted), and may amend its pleading only with the opposing party's written consent or the court's leave. "The court should

freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Underlying Rule 15(a) is a strong policy preference for deciding cases on the merits. *Roberts v. C.R. England, Inc.*, No. 2:12-cv-0302, 2013 WL 5275942, at *2 (D. Utah Sept. 18, 2013) (citing *Lee v. Max Intern, LLC*, 638 F.3d 1318, 1319 (10th Cir. 2011); *Gripe v. City of Enid, Okl.*, 312 F.3d 1184, 1187 (10th Cir. 2002)). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Maloney v. City of Pueblo*, 323 F.R.D. 358, 360 (D. Colo. 2018) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

## DISCUSSION

Plaintiff seeks to add one Defendant, Anymaka Ltd., a Hong Kong-based corporation, owned by the same individual that owns Defendant. ECF 110 at 1. Plaintiff does not seek to add any new claims. *Id.* In support of its request, Plaintiff explains that during the deposition of Defendant's owner, Mr. Eric Lin, Plaintiff "learned for the first time that Easthills no longer sells the Anymaka" and that Anymaka Ltd. had begun selling the product. *Id.* at 2. Prior to that deposition, Plaintiff "believed that Easthills was the sole company responsible for selling the Anymaka hammock stand." *Id.* at 3. After Mr. Lin's deposition in mid-January of 2025, Plaintiff's counsel immediately notified defense counsel of the need to add Anymaka Ltd. as a defendant. ECF 110-7 at 14 (email from Plaintiff's counsel on January 16, 2025).

In response, Defendant objects to amendment, focusing on the Plaintiff's failure to timely raise this amendment. ECF 113. Defendant points to Plaintiff's overall lack of diligence, including Plaintiff's: awareness of the website www.anymaka.com prior to the initiation of the lawsuit, failure to appreciate the significance of the corporate name of the proposed Defendant on some

4

discovery related documents, and failure to glean the information through written discovery. *Id.* at 2-7.

Defendant also suggests that Plaintiff's amendment requires a showing of "good cause." *Id.* at 2 (citing *Interstate Med. Licensure Compact Comm'n v. Bowling*, 113 F. 4th 1266, 1282; also citing *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F. 3d 1230, 1240-42 (10th Cir. 2014)); *see also* ECF 113 at 5. This is not so. At no point has there been a deadline set for the amendment of pleadings in this case. As a result, Plaintiff's request to amend need not meet the "good cause" standard of Fed. R. Civ. P. 16(b). *See Burlington N. Santa Fe Ry. Co. v. A 50-Foot Wide Easement Consisting of 6.99 Acres more or less*, 346 F. App'x 297, 304 (10th Cir. Sept. 4, 2009) (unpublished) (declining to consider 16(b)(4)'s good cause standard when no deadline for amendment of pleadings was ever set in the scheduling order or any amendments). Instead, only the less stringent standard found in Fed. R. Civ. P. 15(a)(2) applies.

As stated above, under Fed. R. Civ. P. 15(a)(2), a court may only refuse leave to amend due to undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, or failure to cure prior deficiencies in previous amendments. *Frank*, 3 F. 3d at 1365. Since Defendant only argues undue delay, the Court will focus its analysis there, reaching the other areas in cursory fashion.

I. **Undue Delay**

The delay between the filing of Plaintiff's initial Complaint [ECF 1] on September 14, 2023, and the Second Motion for Leave to Amend [ECF 110] on April 10, 2025, is approximately 19 months. In determining whether this delay is undue, the Court considers the reasons why Plaintiff sought to amend the complaint when it did. *See Minter*, 451 F.3d at 1206 (undue delay

5

inquiry focuses "primarily on the reasons for the delay."). "Delay is undue where 'the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend.'" *Crocs, Inc. v. Effervescent, Inc.*, No. 06-cv-00605-PAB-KMT, 2021 WL 941828, at *5 (D. Colo. Mar. 11, 2021) (quoting *Asten v. City of Boulder*, No. 08-cv-00845-PAB-MEH, 2010 WL 5464297, at *1 (D. Colo. Dec. 29, 2010)).

The information provided by the Parties clearly demonstrates that Plaintiff sought leave to amend because of information it had recently learned: that Defendant had begun selling the allegedly infringing product under a different name. First, prior to Plaintiff initiating the lawsuit, Plaintiff's counsel conducted a reasonable investigation into both the Kickstarter campaign and the Defendant's website, which failed to uncover any Hong Kong-based business address or affiliate selling the allegedly infringing product. ECF 110 at 4; *see also* ECF 110-3. This is confirmed by Defendant's Declaration conceding that Defendant transitioned to its Hong Kong-based corporate entity *only after the filing of the present lawsuit*. ECFs 110 at 5; 113-1 at 1-2. The undisputed chronology supports Plaintiff's version of events:

> September 14, 2023 – Plaintiff files Complaint [ECF 1] noting Does 1-10.
>
> January 12, 2024 – Plaintiff serves First Set of Written Discovery Requests, specifically requesting information regarding Defendant's sales of the Anymaka product. ECF 114-2.
>
> February 12, 2024 – Defendant's Response to Interrogatory 6 (failing to mention the sale of the Anymaka product by Anymaka Ltd.). ECF 114-3 at 6.
>
> January 13/14, 2025 – Deposition of Eric Lin – Plaintiff uncovers that Mr. Lin began selling the allegedly infringing product under the Hong Kong based company Anymaka Ltd. ECF 110 at 3.
>
> January 16, 2025 – Plaintiff's counsel emails Defendant's counsel to confer on the amendment of Anymaka Ltd. ECF 110-7 at 14.

6

April 10, 2025 – following conferral, Plaintiff's counsel files Second Motion for Leave to Amend Complaint [ECF 110].

The Court also finds it significant that in a written discovery request, Plaintiff requested "every sale of the Anymaka." ECF 114-2 at 6. In its Response, Defendant failed to advise Plaintiff of any sales of the Anymaka product by Anymaka Ltd., focusing instead on Defendant's sales. ECF 114 at 7; ECF 114-3 at 6-7. This is after Plaintiff specifically defined "you" to include "Easthills together with its respective representatives, agents, counsel, employees, and Affiliates." ECF 114-2 at 2. This Court finds that Defendant's failure to answer that question with any information about the sales of Anymaka Ltd. is, in the best light for Defendant, an incomplete answer.

The Court appreciates that there were some breadcrumbs about the identity of Anymaka Ltd. for Plaintiff to see. The company's contact information page on the website added a Hong Kong address in late 2023, ECF 113-1 at 1-2, and Anymaka Ltd. was listed as the "Company Name" on two pages of the discovery materials, ECF 113-3 at 2-3. However, this information by no means made it obvious that Anymaka Ltd. was selling the Anymaka product. The use of another corporate address does little to confirm additional sales by Anymaka Ltd. and the invoices highlighted by Defendant are related to "videos and photos," not product sales. *Id.*

Defendant's additional argument that Plaintiff should have used more discovery requests to uncover Anymaka Ltd.'s identity also is not persuasive. ECF 113 at 4 (arguing that Plaintiff "has only used eleven of its allotted interrogatories and fourteen of its requests for production ..."). In making the argument, Defendant ignores the discovery request that *was* issued by Plaintiff on this very topic, one that was not fully answered by Defendant. To agree with Defendant's logic, and thus deny Plaintiff the ability to amend the FAC for failing to recognize the significance of

7

the limited information disclosed, would encourage gamesmanship in the discovery process and incentivize parties to bury key information deep within discovery disclosures to then use that information as indications of notice in order to dispute amendment later on down the line. The Court declines to support such an approach.

The case law in this district supports the Court's conclusion. In *Pumpco, Inc. v. Schenker Intern., Inc.*, the court approved the plaintiff's request for amendment after plaintiff had received new information "which form[ed] the bases for the additional claims." 204 F.R.D. 667, 669 (D. Colo. 2001). Similarly, in *Prima Partners, LLC v. Waterhouse*, the court allowed amendment six months after the Complaint was filed based on recently learned information. No. 16-cv-02875-MEH, 2017 WL 10591352, at *4 (D. Colo. Apr. 25, 2017). In *Sunflower Condominium Association, Inc. v. Owners Ins. Comp.*,[3] the court found that the moving party sufficiently demonstrated that the receipt of new information justified the amendment of pleadings. 2017 WL 6276460, at *7-8 (D. Colo. Dec. 11, 2017).

As a result, the Court finds that Plaintiff has provided a sufficient reason for the timing of the amendment based on new information it received. In other words, the delay is not undue.

## II.    Prejudice

Although not raised by Defendant as a basis for denial of Plaintiff's Motion, the most important factor in deciding a motion to amend the pleadings "is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. Prejudice most often occurs when the proposed new claim "arise[s] out of a subject matter different from what was set forth in the

---

[3] The Court also noted in *Sunflower* that while a court "may deny a late motion to amend on the basis of untimeliness alone; however, the basis for such a denial is typically the moving party's failure to adequately explain the delay." 2017 WL 6276460, at *7 (citation omitted).

8

complaint and raise[s] significant new factual issues." *Id*. at 1208. Defendant does not argue it would suffer prejudice if the Court were to allow amendment. *See generally* ECF 113.

The Court finds that Plaintiff's proposed addition of another Defendant would not prejudice Defendant to such a degree to warrant denial of the Motion. Plaintiff's proposed factual additions are minor and the claims are largely duplicative of the existing causes of action. While some discovery will be necessary for Plaintiff to develop its claims against Anymaka Ltd., the additional Defendant, Anymaka Ltd., is well aware of the lawsuit and has been assisting in its defense since the lawsuit was initiated. The two Defendants share a CEO, who already was deposed by Plaintiff. ECF 110 at 5.

And as discussed below, the Court does not envision a complete reopening of discovery that will cause Defendant to redo a significant portion of its work. The Court intends to allow some discovery on Anymaka, Ltd.'s role in the alleged conduct, including the sales of the Anymaka product conducted by Anymaka, Ltd.

**IV.      Futility**

Futility "is functionally equivalent to the question of whether a complaint may be dismissed for failure to state a claim." *Barker v. Moss*, No. 21-CV-03439-PAB-NRN, 2022 WL 17534096, at *2 (D. Colo. July 11, 2022). This is Plaintiff's first attempt to add Anymaka, Ltd. and this Court has no reason to doubt the efficacy of Plaintiff's proposed SAC. Defendant fails to argue that Plaintiff's SAC would be futile in any way.

**V.      Conclusion**

This Court finds that the spirit of Fed. R. Civ. P. 15(a)(2), one that allows parties to freely amend their pleadings, supports allowing Plaintiff's amendment here. While Plaintiff is delayed

9

in bringing the amendment, such delay is not undue, and a large part of the delay can be attributed to the Defendant's failure to fully inform Plaintiff of the sales of the allegedly infringing product by a related entity. As a result, this Court **grants** Plaintiff's Second Motion for Leave to Amend [ECF 110].

### MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

On June 27, 2025, Plaintiff moved for an extension of time to complete discovery. ECF 122. First, Plaintiff requested an extension of the deadline for fact discovery, largely because the Plaintiff's Motion to Amend remained outstanding and because of that, the scope of discovery remained uncertain. *Id.* at 2. And because fact discovery influences expert discovery, Plaintiff sought an extension of the expert deadlines as well. *Id.* at 3-4.

Based on this Court's ruling regarding Plaintiff's requested amendment, the Court also finds that discovery and expert deadlines should be extended. Therefore, the Court will **grant** the Motion [ECF 122] and Plaintiff's request to extend the previously set deadlines. The Parties shall confer on potential deadlines that are consistent with the amount of discovery that remains outstanding and the schedules of the Parties and submit a Motion to the Court, either opposed or jointly, laying out those proposed deadlines. Should a hearing be necessary to resolve either the scope of remaining discovery or the new deadlines, the Parties may reach out to Chambers in accordance with this Court's discovery dispute procedures to set a brief hearing to address those issues. *See* D.C.COLO.MJ § VI.

### UNOPPOSED MOTION FOR RULING

On July 29, 2025, the Parties moved for this Court to rule on the pending Motion to Extend Discovery Deadlines. ECF 129. The Unopposed Motion for Ruling [ECF 129] is **granted**, and the

10

requested relief is provided with this Order.

## CONCLUSION[4]

For the above reasons, the Court respectfully **orders** that:

(1) Plaintiff's Second Motion for Leave to Amend Complaint [ECF 110] is **granted**;

(2) Plaintiff's Motion for Extension of Time to Complete Discovery [ECF 122] is **granted**;

(3) The Parties' Unopposed Motion for Ruling [ECF 129] is **granted**.

As noted above, considering the Court's Orders herein, the Parties are **ordered** to confer on the scope of remaining discovery. Within 7 days of this Order, **i.e., by February 9, 2026**, the Parties shall either (1) file a Motion to Amend the Scheduling Order, or (2) contact this Court's Chambers (*O'Hara_Chambers@cod.uscourts.gov*) to request a discovery conference to resolve any outstanding disputes that the Parties are unable to resolve through conferral.

Also **by February 9, 2026**, Plaintiff shall file the Second Amended Complaint, ECF 110-1, which will become Plaintiff's operative pleading. Defendant shall Answer or otherwise respond within 14 days of service of the Second Amended Complaint. Fed. R. Civ. P. 15(a)(3).

---

[4] Within fourteen days after service of a copy of this non-dispositive Order, "a party may serve and file objections . . . A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *but see Sinclair Wyoming Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) ("firm waiver rule" applies unless the interests of justice require review).

DATED at Denver, Colorado, this 2nd day of February, 2026.

BY THE COURT:

_____
Timothy P. O'Hara
United States Magistrate Judge